UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIN JI GOO DYER,<br>   Plaintiff,<br> v.<br>JOHN DOES 1-10,<br>   Defendant. | Case No. 23-cv-01226-JCS<br><br>**ORDER GRANTING IN PART AND DENYING IN PART EX-PARTE APPLICATION FOR LEAVE TO SERVE THIRD-PARTY SUBPOENAS PRIOR TO A RULE 26(F) CONFERENCE**<br><br>**ORDER TO FILE REDACTED APPLICATION**<br><br>Re: Dkt. No. 17 |

Plaintiff, who is now proceeding pro se, has filed an Ex Parte Application for Leave to Serve Third-Party Subpoena, dkt. no. 17 ("Second Application"). As a preliminary matter, the Court has locked this document to deny public access to it because it lists the full birth dates of a number of individuals. Under Rule 5.2 of the Federal Rules of Civil Procedure, which sets forth privacy protections for filings with the Court, filings that contain birth dates may only list the birth year of the individual. Therefore, Plaintiff is ORDERED to file a redacted version of docket no. 17 that discloses only the birth years of the individuals identified in that document within thirty (30) days.

On the merits, the Court interprets Plaintiffs' Second Application as seeking leave to issue a subpoena *only* as to Google Inc. Even though there are occasional references in the papers that

suggest Plaintiff might also be seeking leave to subpoena other entities (e.g., various banks, Coinbase, Binance and Bandwidth), Plaintiff states at the outset of her Application that the banks have already cooperated with her previous ex parte application to serve third party subpoenas, see dkt. no. 5 ("First Application"), and further, that although Binance and Coinbase have "not been cooperative" in their responses to her earlier subpoenas, she does not seek to compel those entities to comply with them. Second Application at ECF pp. 5-6. The Court also notes that the proposed order supplied by Plaintiff only seeks leave to subpoena Google Inc.

Plaintiff has presented evidence that Google Inc. is likely to maintain identifying information as to the owners of two telephone numbers that were the subject of an earlier subpoena to Bandwidth ("Bandwidth Subpoena") under the Court's order approving the First Application, 510-689-1529 and 216-202-5727. In particular, Plaintiff has provided a response to the Bandwidth Subpoena from Bandwidth stating that it is a wholesale provider and does not have a relationship with the end user of a telephone number; rather, Bandwidth's wholesale customers are "the only source for complete records and information" related to Bandwidth telephone numbers. Dkt. no. 17-5 at ECF pp. 1-2. Bandwidth further states that the wholesale customer associated with the two telephone numbers listed above is Google Inc. *Id.*

In its order granting the First Application, the Court expressly permitted Plaintiff to issue Rule 45 subpoenas not only to the named entities but also any related entity identified by the subpoena recipient as being in possession of the information sought in the subpoena. Dkt. no. 7 (March 23, 2023 Order granting First Application) ¶ 4. Therefore, Plaintiff may issue a Rule 45 subpoena as to Google Inc. to obtain identifying information, as set forth below, as to 510-689-1529 and 216-202-5727.

On the other hand, Plaintiff has not made an adequate showing as to the three other telephone numbers listed in the Second Application (847-906-2745, 618-386-5007 and 512-843-1617). These telephone numbers were not addressed in the First Applications and the Court did not grant leave to issue Rule 45 subpoenas as to those numbers. Nor has Plaintiff provided evidence linking these telephone numbers to Google Inc. or establishing that disclosure of identifying information about the owners of these numbers is warranted. Likewise, the Court did

1   not authorize early discovery as to any of the email accounts Plaintiff lists in her Second
2   Application (BenBarnesManagementTeam@gmail.com, TFXCMarkets@gmail.com,
3   Support@TFXCmarkets.com, CEOmanagementTeam1@gmail.com,
4   OMGitsMelania@gmail.com,  BenBarnes976@gmail.com and info@TFXCmarkets.com).
5   Assuming that Google Inc. maintains identifying information as to the owners of the gmail
6   addresses, Plaintiff has not provided evidence sufficient to establish that the owners of these
7   addresses were likely involved in the fraudulent conduct alleged in the Complaint.[1]  As to the
8   other email addresses, there is no evidence in the record showing that Google Inc. maintains
9   identifying information as to these accounts. Therefore, the Court DENIES Plaintiff's request to
10  issue a Rule 45 subpoena for identifying information as to these telephone numbers and accounts,
11  without prejudice to Plaintiff bringing a renewed motion supported by proof that early discovery
12  as to these accounts is warranted.
13          Accordingly, the Court ORDERS AS FOLLOWS:
14  1. Plaintiff has established that "good cause" exists for it to serve a third party subpoena on
15     Google Inc. seeking the information described below. *See UMG Recording, Inc. v. Doe*,
16     2008 WL 4104214, *4 (N.D. Cal. 2008); *Strike 3 Hldgs. LLC v. Subscriber Assigned IP*
17     *Address 135.180.67.148*, 22-cv-2886, 2022 WL 1645941, at *2 (N.D. Cal. May 24, 2022);
18     *Jocobo v. Doe*, 1:22-cv-672, 2022 WL 2079766, at *3 (E.D. Cal. June 9, 2022).
19  2. Plaintiff may serve Google Inc. with a Rule 45 subpoena commanding it to produce all
20     documents regarding, reflecting, containing, recording, or memorializing the legal names,
21     authorized users, beneficiaries, Internet Service Provider ("ISP") addresses, proofs of
22     identification (such as government-issued photo ID), two-factor identification methods,
23     dates of birth, Social Security Numbers, telephone numbers, electronic mail addresses,

---

[1] The Court notes that Plaintiff referred to numerous attachments in her Second Application (Attachments B-G) that she did not supply to the Court. To the extent that the attachments referenced in the Second Application contain evidence that addresses the shortcomings identified by the Court, Plaintiff will be permitted to file a renewed application to make the requisite showing, if she can.  Plaintiff is cautioned, however, that to the extent she seeks to file documents that contain private information such as birth dates, social security numbers and bank account numbers, she must abide by Fed.R.Civ.P. 5.2 and where applicable, follow the procedure that applies to requests to file under seal set forth in Civil Local Rule 79-5.

United States District Court
Northern District of California

residential/mailing addresses, account opening and closing documentation, and Know Your Customer ("KYC") and Anti-Money Laundering ("AML") information (collectively "Identifying Information") for any accounts ("Accounts") associated with the telephone numbers 510-689-1529 and 216-202-5727. Plaintiff shall attach to any such subpoena a copy of this Order.

3. Plaintiff may serve Rule 45 subpoenas on any of Google Inc.'s corporate parents, subsidiaries, or affiliates ("Related Entities"), as may be necessary to effectuate the subpoenas and the purpose of this Order. In particular, should Google Inc., in response to Plaintiff's subpoena, identify a Related Entity as being in possession of the information or documents described above, Plaintiff may also serve a Rule 45 subpoena in the same manner on the Related Entity.

4. Within thirty (30) days from the date of service upon it of the subpoena, Google Inc. shall serve any individual or entity whose identifying information is sought with a copy of the subpoena and a copy of this order.  Google Inc. may serve any such individual or entity using any reasonable means, including written notice sent to the individual or entity's last known address, transmitted either by first-class mail or via overnight service.

5. Each individual or entity whose identifying information is subject to disclosure under the subpoena shall have thirty (30) days from the date of service to file any motions in this Court contesting the subpoena (including a motion to quash or modify the subpoena). If the 30-day period after service has lapsed as to all such individuals and entities and no motion to quash has been filed, Google Inc. shall have ten (10) days to produce to Plaintiff the information responsive to the subpoena or bring its own motion to quash.

6. Google Inc. shall preserve all subpoenaed information pending final resolution of any timely filed motion to quash the subpoena with respect to such information.

7. Any information disclosed to Plaintiff in response to a subpoena authorized herein may be used by Plaintiff solely for the purpose of protecting her rights with respect to the claims she asserts in her complaint.

4

8. Plaintiff shall serve the Rule 45 subpoena(s), along with a copy of this Order, in the manner set forth in Fed.R.Civ. P. 45(b).

**IT IS SO ORDERED.**

Dated: December 6, 2023

JOSEPH C. SPERO
United States Magistrate Judge