UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIN JI GOO DYER,<br><br>           Plaintiff,<br><br>     v.<br><br>JOHN DOES 1-10,<br><br>           Defendant. | Case No.  23-cv-01226-JCS<br><br>**ORDER TO SHOW CAUSE WHY GOOGLE SHOULD NOT BE HELD IN CONTEMPT FOR FAILURE TO COMPLY WITH SUBPOENA AND CONTINUING MARCH 8, 2024 CASE MANAGEMENT CONFERENCE TO MARCH 22, 2024** |

Plaintiff has filed two motions under Rule 45 of the Federal Rules of Civil Procedure to hold non-party Google Inc. in contempt for failure to comply with a subpoena issued by this Court and compel compliance.  *See* docket nos. 34, 35.  The Court construes Plaintiff's motions as an application for an order to show cause ("Application") and GRANTS the Application. *Martinez v. City of Pittsburg*, 2012 WL 699462, at *4 (N.D. Cal. Mar. 1, 2012).  ("[W]hen a non-party does not comply with a subpoena . . . , the most appropriate procedural step is to file an application for an order to show cause, not a motion to compel.").   In granting the Application, the Court does not decide whether Google has failed to comply with the Subpoena or should be held in contempt. Those are questions that will be addressed after Google has responded to this Order.

To establish civil contempt, Plaintiff must show by clear and convincing evidence that Google violated a specific order of the court. *See F.T.C. v. Affordable Media*, 179 F.3d 1228, 1239 (9th Cir. 1999). If Plaintiff meets that burden, Google must then show that it took every reasonable step to comply with the subpoena and to articulate reasons why compliance was not possible. *See Donovan v. Mazzola*, 716 F.2d 1226, 1240 (9th Cir. 1983). A district court has wide latitude in

determining whether there has been a contemptuous defiance of one of its orders. *Stone v. City & Cty. of San Francisco*, 968 F.2d 850, 856 (9th Cir. 1992), as amended on denial of reh'g (Aug. 25, 1992). If an alleged contemnor's actions were taken in good faith or based on a reasonable interpretation, it should not be held in contempt. *Id*.

Plaintiff has shown that Google violated a specific and definite order of the Court by failing to comply with the subpoena issued by this Court on December 18, 2023. *See* docket no. 28 ("Subpoena"). In particular, Plaintiff has presented evidence that she properly served the Subpoena on Google and that although Google made a production in response to the Subpoena by providing a secure link, the link did not function properly and Plaintiff has received no response from Google to her repeated requests that a new (functional) link be sent to her. Therefore, the Court ORDERS Google to show cause why it should be held in contempt for its failure to comply with the subpoena.

The case management conference currently set for **March 8, 2024 at 9:30 a.m. is continued to March 22, 2024 at 9:30 a.m.** and Google is ORDERED to appear at that conference to address its compliance with Plaintiff's subpoena. Google shall file its response to the OSC by **March 29, 2024**, and the Court shall conduct a show cause hearing on **April 5, 2024 at 9:30 a.m**. by Zoom video conference, id.161 926 0804, password 050855. If, however, the Court determines at the conclusion of the Case Management Conference that a written response to the OSC and a formal hearing is not required, it may vacate those dates.

**Plaintiff shall serve this Order on Google no later than March 8, 2024 and file a proof of service in this case by March 11, 2024.**

**IT IS SO ORDERED.**

Dated: March 4, 2023

_____
JOSEPH C. SPERO
United States Magistrate Judge