UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIN JI GOO JI GOO DYER,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JOHN DOES 1-10,<br><br>　　　　Defendant. | Case No. 23-cv-01226-JCS<br><br>**ORDER DENYING MOTION FOR ALTERNATIVE SERVICE**<br><br>Re: Dkt. No. 67 |

## I.　INTRODUCTION

Plaintiff, who alleges that she is a victim of a cryptocurrency scam, has engaged in extensive third-party discovery in this case in an attempt to uncover the true identities of the perpetrators of this scam. Despite her efforts, which she commenced promptly after filing this case and has continued to pursue for over twenty months, she has not been successful in uncovering the true identities of the Doe defendants. Nevertheless, Plaintiff now requests leave to serve the Doe defendants by email, using email addresses from which she received communications from the alleged scammers, even though she has not been able to determine the real identities of the individuals who sent the communications. *See* dkt. no. 67 (Plaintiff's Motion for Alternative Service) ("Motion"). Plaintiff's Motion is DENIED.

## II.　DISCUSSION

As Plaintiff has argued in her motion, the Ninth Circuit has held that under some circumstances, service of process by email may be adequate to comply with the Federal Rules of Civil Procedure and comport with the constitutional requirement of due process. *See Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1016 (9th Cir. 2002) (observing that "trial courts have authorized a wide variety of alternative methods of service [under Fed.R.Civ.P. 4(f)(3)

and its predecessor] including publication, ordinary mail, mail to the defendant's last known address, delivery to the defendant's attorney, telex, and most recently, email."). In *Rio Properties*, for example, the Ninth Circuit held that the district court had not erred in permitting alternative service by email under Rule 4(f)(3) to serve "an elusive international defendant, striving to evade service of process[.]" 284 F.3d at 1016.

The court's discretion in specifying an alternative means of service, however, is limited as to foreign defendants by Rule 4(f)(3)'s requirement that the means of service must not be "prohibited by international agreement." *Id.* at 1015. Thus, as to foreign defendants who are domiciled in countries that have objected to service by email, alternative service by that means is not permissible. *Williams-Sonoma Inc. v. Friendfinder Inc.*, No. C06-06572 JSW, 2007 WL 1140639, at *2 (N.D. Cal. Apr. 17, 2007). As to defendants located in countries that are signatories to the Hague Convention that have objected to Section 10, which permits certain types of alternative service but does not address whether service by email is permissible, courts are split on whether service by email is "prohibited by international agreement." *See Parsons v. Shenzen Fest Tech. Co.*, No. 18 CV 08506, 2021 WL 767620, at *3 (N.D. Ill. Feb. 26, 2021) (discussing split of authority).

Here, the Court has no information about the domicile of any of the Doe defendants Plaintiff seeks to serve by email and Plaintiff herself does not know where they reside, despite her diligent efforts to uncover their true identities. Thus, there is no way the Court can determine whether the requirements of Rule 4(f)(3) are satisfied or even if the Doe defendants reside in the United States or a foreign country. More broadly, Plaintiff has not cited any authority, and the Court has not found any, suggesting that a Doe defendant can be served *before* the plaintiff has uncovered their true identity. Certainly, it is clear that judgment cannot be entered against a Doe defendant under those circumstances. Rather, Doe defendants "must eventually be dismissed, if discovery yields no identities." *Scheetz v. Morning Call, Inc.*, 130 F.R.D. 34, 37 (E.D. Pa. 1990) (citing *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir.1980)).

In *Gillespie*, the Ninth Circuit held:

> As a general rule, the use of "John Doe" to identify a defendant is not

favored. See, *Wiltsie v. California Department of Corrections*, 406 F.2d 515, 518 (9th Cir.1968). However, situations arise, such as the present, where the identity of alleged defendants will not be known prior to the filing of a complaint. In such circumstances, the plaintiff should be given an opportunity through discovery to identify the unknown defendants, ***unless it is clear that discovery would not uncover the identities,*** or that the complaint would be dismissed on other grounds. *Gordon v. Leeke*, 574 F.2d 1147, 1152 (4th Cir.1978), cert. denied, 439 U.S. 970 (1978); see, *Wells Fargo & Co. v. Wells Fargo Express Co.*, 556 F.2d 406, 430-431 n.24 (9th Cir.1977); also, *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 n.13 (1978).

629 F.3d at 642 (emphasis added). In light of the highlighted language above, implying that dismissal is required when a Doe defendant's identity cannot be uncovered, and the absence of authority suggesting that it is proper to order alternative service on defendants whose identities are unknown, the Court concludes it would be improper to order alternative service as to the Doe defendants under the circumstances here.

## III.   CONCLUSION

For the reasons discussed above, the Motion is DENIED.

**IT IS SO ORDERED.**

Dated: November 18, 2024

_____
JOSEPH C. SPERO
United States Magistrate Judge