1

2

3

4

5

6                        UNITED STATES DISTRICT COURT

7                       NORTHERN DISTRICT OF CALIFORNIA

8

9    MIN JI GOO JI GOO DYER,

                    Plaintiff,                    Case No.  23-cv-01226-JCS

10                                                **ORDER DENYING WITHOUT**
           v.                                     **PREJUDICE EX PARTE**
11                                                **APPLICATION TO SERVE THIRD**
                                                  **PARTY SUBPOENAS PRIOR TO A**
12   JOHN DOES 1-10,                              **RULE 26(F) CONFERENCE**

                    Defendant.                    Re: Dkt. No. 72
13

14

15        At the November 20, 2024 Case Management Conference, the Court permitted Ms. Dyer

16   to file a motion to serve third-party subpoenas on Bitcoin.com, Binance.com and Imageflip.com to

17   determine the identities of the Doe defendants in this case.  Ms. Dyer filed her early discovery

18   motion, dkt. no. 72 ("Motion"), by the December 4, 2024 deadline set by the Court.  For the

19   reasons stated below, the Motion is DENIED without prejudice to refiling.

20        A motion for expedited discovery may be granted "upon a showing of good cause[,] "

21   which exists where "the need for expedited discovery, in consideration of the administration of

22   justice, outweighs the prejudice to the responding party." *Am. Legalnet, Inc. v. Davis*, 673

23   F.Supp.2d 1063, 1066 (C.D. Cal. 2009) (quoting *In re Countrywide Fin. Corp. Derivative Litig*.,

24   542 F.Supp.2d 1160, 1179 (C.D. Cal. 2008)) (quotation marks omitted); accord *Semitool, Inc. v.*

25   *Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 275 (N.D. Cal. 2002). Typically, "[c]ourts in this

26   Circuit permit expedited discovery to identify unknown defendants . . . when the plaintiff

27   simultaneously can identify no defendants and legitimately fears that information leading to their

28   whereabouts faces imminent destruction." *Facebook, Inc. v. Various, Inc*., No. C-11-01805-SBA

*United States District Court*
*Northern District of California*

DMR, 2011 WL 2437433, at *3 (N.D. Cal. June 17, 2011).

While Ms. Dyer has been unable to identify the Doe defendants despite her extensive efforts and has a legitimate fear that information leading to their whereabouts faces imminent destruction, the Court is unable to determine whether the scope of the proposed subpoenas is narrowly tailored to elicit information that is likely to allow her to identify the Doe defendants. In particular, she has not provided supporting declarations or other evidence linking the specific information she seeks from the three entities (Bitcoin.com, Binance and Imgflip.com) to the fraudulent conduct at issue in this case; nor has she addressed the scope of the proposed subpoenas in the Motion. Rather, the information she seeks is identified only in her proposed order, dkt. no. 72-1, which lists specific information only as to Bitcoin.com and Binance and does not identify any specific information as to Imgflip.com.

The Court recognizes that some of the evidence that supports Ms. Dyer's requests may already be in the record of this case. For example, it appears that at least one of the Binance accounts listed in the proposed order matches an account that was discussed in the Declaration of Mark Bailey, dkt. no. 5-1, filed over a year ago in support of another request for early discovery. It is also possible that some of the Binance and Bitcoin.com accounts are discussed in Ms. Dyer's various declarations. It is not, however, the Court's responsibility to comb through the record in this case, which is already extensive, to find the evidence that specifically links the information Ms. Dyer seeks to the alleged conduct in this case.

Accordingly, the Court DENIES the Motion without prejudice to refiling, no later than **December 26, 2024**, an amended motion that is supported by evidence linking the specific information to be subpoenaed, for each of the three entities, to the conduct at issue in this case. To the extent the relevant evidence is already in a declaration that has been filed in this case, it is sufficient to provide a citation to that document, including the relevant paragraph(s) of the declaration, indicating where the relevant evidence can be found. In addition, as to Imgflip.com, Ms. Dyer should describe in her amended motion the specific information she seeks to obtain in her Rule 45 subpoena and explain why that information is likely to uncover the identity of one or more Doe defendants in this case. Any factual representations relating to Imgflip.com should also

United States District Court
Northern District of California

2

be supported by a declaration to the extent such evidence is not already in the record of this case,

**IT IS SO ORDERED.**


Dated:  December 10, 2024

_____
JOSEPH C. SPERO
United States Magistrate Judge