UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIN JI GOO JI GOO DYER,<br><br>Plaintiff,<br><br>v.<br><br>JOHN DOES 1-10,<br><br>Defendant. | Case No. 23-cv-01226-JCS<br><br>**ORDER GRANTING APPLICATION FOR LEAVE TO SERVE THIRD-PARTY SUBPOENAS PRIOR TO A RULE 26(F) CONFERENCE**<br><br>Re: Dkt. No. 74 |

Plaintiff, who is proceeding pro se, has filed an Ex Parte Application for Leave to Serve Third-Party Subpoena, dkt. no. 74 ("Application"). In it, she requests leave to issue subpoenas to Binance and Bitcoin.com requiring the production of identifying information as to accounts to which she deposited money at the request of the Doe defendants who are alleged to have perpetrated a fraudulent scheme against her. Plaintiff has offered evidence of her deposits as to two specific accounts, both associated with name Ben (or Benjamin) Barnes: 1) 16YxZuyvPdWYazskdldvxDC7EvLYt3BCEp (Binance); and 2) 1JGRZXAghnhi1eFcrCf7S8CckfLuEQjzhH (Bitcoin.com).[1] Dkt. no. 76. Therefore, Plaintiff may issue a Rule 45 subpoena to obtain identifying information, as set forth below, as to these two accounts.

Accordingly, the Court ORDERS AS FOLLOWS:

1. Plaintiff has established that "good cause" exists for it to serve a third party

---

[1] Initially, Plaintiff listed a different Bitcoin.com account number in the proposed order she supplied with the Application, account no. 1aSji6cQJJQ13YaXfAPNc2UJJ5VuSBg4t ("the g4t address"). In response to the Court's request for evidence in support of the Application, however, she supplied evidence that she made a payment to the Bitcoin.com wallet address listed above. *See* dkt. no. 76. She did not supply any evidence showing a connection between the alleged fraud in this case and the g4t address. Therefore, the Court concludes Plaintiff has modified her original request and no longer seeks discovery as to the identity of the g4t account holder.

subpoena on Binance and Bitcoin.com seeking the information described below. *See UMG Recording, Inc. v. Doe*, 2008 WL 4104214, *4 (N.D. Cal. 2008); *Strike 3 Hldgs. LLC v. Subscriber Assigned IP Address 135.180.67.148, 22-cv-2886*, 2022 WL 1645941, at *2 (N.D. Cal. May 24, 2022); *Jocobo v. Doe*, 1:22-cv-672, 2022 WL 2079766, at *3 (E.D. Cal. June 9, 2022).

2. Plaintiff may serve Binance and Bitcoin.com with a Rule 45 subpoena commanding them to produce all documents regarding, reflecting, containing, recording, or memorializing the legal names, authorized users, beneficiaries, Internet Service Provider ("ISP") addresses, proofs of identification (such as government-issued photo ID), two-factor identification methods, dates of birth, Social Security Numbers, telephone numbers, electronic mail addresses, residential/mailing addresses, account opening and closing documentation, and Know Your Customer ("KYC") and Anti-Money Laundering ("AML") information (collectively "Identifying Information") for account no. 16YxZuyvPdWY azskdldvxDC7EvLYt3BCEp (Binance) and account no. 1JGRZXAghnhi1eFcrCf7S8CckfLuEQjzhH (Bitcoin.com).

3. Plaintiff may serve Rule 45 subpoenas on any of Binance or Bitcoin.com's corporate parents, subsidiaries, or affiliates ("Related Entities"), as may be necessary to effectuate the subpoenas and the purpose of this Order. In particular, should Binance or Bitcoin.com., in response to Plaintiff's subpoena, identify a Related Entity as being in possession of the information or documents described above, Plaintiff may also serve a Rule 45 subpoena in the same manner on the Related Entity.

4. Within thirty (30) days from the date of service upon it of the subpoena, Binance and Bitcoin.com shall serve any individual or entity whose identifying information is sought with a copy of the subpoena and a copy of this order. Binance and Bitcoin.com may serve any such individual or entity using any reasonable means, including written notice sent to the individual or entity's last known address, transmitted either by first-class mail or via overnight service.

5. Each individual or entity whose identifying information is subject to disclosure under the subpoena shall have thirty (30) days from the date of service on that or those individuals or entities to file any motions in this Court contesting the subpoena (including a motion to quash or modify the subpoena). If the 30-day period after service has lapsed as to all such individuals and

1  entities and no motion to quash has been filed, Binance and/or Bitcoin.com (as applicable) shall
2  have ten (10) days to produce to Plaintiff the information responsive to the subpoena or bring their
3  own motion to quash.
4      6. Binance and Bitcoin.com shall preserve all subpoenaed information pending final
5  resolution of any timely filed motion to quash the subpoena with respect to such information.
6      7. Any information disclosed to Plaintiff in response to a subpoena authorized herein may
7  be used by Plaintiff solely for the purpose of protecting her rights with respect to the claims she
8  asserts in her complaint.
9      8. Plaintiff shall serve the Rule 45 subpoena(s), along with a copy of this Order, in the
10 manner set forth in Fed.R.Civ. P. 45(b).

**IT IS SO ORDERED.**

Dated: December 18, 2024

_____
JOSEPH C. SPERO
United States Magistrate Judge