UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MIN JI GOO DYER,

    Plaintiff,

v.

JOHN DOES 1-10,

    Defendant.

Case No. 23-cv-01226-JCS

**ORDER DENYING MOTION FOR ALTERNATIVE SERVICE WITHOUT PREJUDICE**

Dkt. no. 82

## I. INTRODUCTION

Plaintiff, who is proceeding without an attorney, alleges that she is a victim of an elaborate cryptocurrency scam that was perpetrated against her via email and text messages. Because she was unable to uncover the identities of the individuals involved, she named as defendants Does 1-10. Plaintiff has engaged in extensive third-party discovery in this case in an attempt to uncover the true identities of the perpetrators of this scam. She has now obtained information from a third party that links an individual who resides in Nigeria to the illegal conduct alleged in this case. In particular, she has uncovered evidence that Chike Ezeh is associated with an account to which she deposited funds (later stolen), at the instructions of the perpetrators of the scam. *See* dkt. no. 87. Having uncovered this information, Plaintiff has filed an amended complaint naming Ezeh as a defendant and now brings a motion for leave to serve him by alternative means ("Motion"), namely, by serving the complaint via email to the email address linked to the account, glee.fuller.og@gmail.com. For the reasons stated below, the Court DENIES the Motion without prejudice.

## II. ANALYSIS

### A. Legal Standards

Federal Rule of Civil Procedure 4(f) authorizes three methods for serving an individual in a foreign country. First, an individual may be served at a place not within any judicial district of the United States "by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents." Fed. R. Civ. P. 4(f)(1). Second, "if there is no internationally agreed means, or if an international agreement allows but does not specify other means[,]" the individual may be served "by a method that is reasonably calculated to give notice," including "as prescribed by the foreign country's law for service in that country," "as the foreign authority directs in response to a letter rogatory or letter of request," or through personal delivery or mail sent by the Clerk. Fed. R. Civ. P. 4(f)(2). Finally, service may be effectuated "by other means not prohibited by international agreement, as the court orders." Fed. R. Civ. P. 4(f)(3).

"Service of process under Rule 4(f)(3) is neither a 'last resort' nor 'extraordinary relief.' . . . It is merely one means among several which enables service of process on an international defendant." *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1015 (9th Cir. 2002) (citation omitted). "Even if facially permitted by Rule 4(f)(3)," however, the proposed means of service "must also comport with constitutional notions of due process." *Id.* at 1016. "To meet this requirement, the method of service crafted by the district court must be 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.' " *Id.* at 1017 (quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)). Whether the "particularities and necessities of a given case require alternate service of process under Rule 4(f)(3)" is left to the "sound discretion" of the district court.

### B. Discussion

As a preliminary matter, no international agreement governs service in Nigeria or prohibits service by email in that country. *Meta Platforms, Inc. v. Arowokoko*, No. 22-CV-00803-DMR, 2022 WL 4099215, at *2 (N.D. Cal. Sept. 7, 2022). "Nigeria is not a party to the Hague

2

1    Convention on the Service Abroad of Judicial and Extrajudicial Documents or any other treaty on
2    service of process to which the United States is party." *Id.* (citing *PCS Wireless LLC v. Doe 1*,
3    No. CV 19-12593, 2019 WL 5394849, at *2 (D.N.J. Oct. 22, 2019); *Nwoke v. Consulate of*
4    *Nigeria*, No. 17-CV-00140, 2018 WL 1071445 (N.D. Ill. Feb. 27, 2018)). Therefore, Rule 4(f)(1)
5    does not apply and service may be accomplished by any means that comports with due process.
6    *Id.*; s*ee also* Judicial Assistance Country Information: Nigeria, U.S. Dept. of State,
7    https://travel.state.gov/content/travel/en/legal/Judicial-Assistance-Country-
8    Information/Nigeria.html ("Because Nigeria is not a party to the Hague Service Convention,
9    "service of process in Nigeria may be effected by mail, by agent, such as a local attorney, or
10   through letters rogatory.").
11        To satisfy the requirements of due process, Plaintiff must establish that service by email to
12   the email address Plaintiff has identified is reasonably calculated to give notice to Ezeh. Based on
13   the current record, this requirement does not appear to be met. Plaintiff's declarations and
14   allegations establish that the perpetrators of the scam frequently used email to communicate with
15   her, sending multiple communications from support@tfxcmarkets.com. *See, e.g.,* Compl. ¶ 13
16   ("Many of these communications were sent from an email address (support@tfxcmarkets.com)
17   using the tfxcmarkets.com domain"); Dyer Decl., dkt. no. 502, ¶ 9 (same). There is no evidence in
18   the record, however, that Plaintiff has ever received any emails from glee.fuller.og@gmail.com or
19   that that email address has been used for any communications related to the alleged scam.
20        The only evidence in the record linking Ezeh to this email address is the customer
21   information and approved devices list produced by Binance in response to Plaintiff's subpoena,
22   which reflect that this email address is linked to an account into which Plaintiff deposited funds.
23   Dkt. no. 87-2. Although Plaintiff contends this evidence reflects that "the last login use of the
24   email address glee.fuller.og@gmail.com was on February 3, 2025," Motion at 11, it is not
25   apparent from the information that Binance has produced that Plaintiff is correct. In particular, the
26   only information that corresponds to that date is in the list of approved devices, which reflects that
27   an iphone was used to log in to Ezeh's account on February 3, 2025, as well as on December 3,
28   2024. Dkt. no. 87-2 at ECF p. 5. This evidence does not shed any light, however, on whether

1   login required authentication using the email address linked to the account or was authenticated by
2   some other means, such as a text message to the associated mobile telephone number.  Moreover,
3   the customer information chart shows only a registration date of November 19, 2021 and a single
4   user authentication (which may or may not have required the use of Ezeh's email) on September
5   23, 2022.  In other words, even assuming all three of the dates listed in Binance's production
6   reflected logins that required Ezeh to use the email address associated with his account, it would
7   show only that that email address was used three times in close to four years.

8           This is a far cry from the facts in cases where courts have found that service by email was
9   reasonably calculated to provide adequate notice to the defendant.  In *Rio Properties*, for example,
10  the email address where service was ordered was the one listed on the defendant's company
11  website, which provided no other means of contacting the company. *Rio Props., Inc. v. Rio Int'l*
12  *Interlink*, 284 F.3d 1007, 1018 (9th Cir. 2002) ("RII structured its business such that it could be
13  contacted only via its email address. RII listed no easily discoverable street address in the United
14  States or in Costa Rica. Rather, on its website and print media, RII designated its email address as
15  its preferred contact information."). Likewise, in *Nemesis 2 LLC v. Paladino*, the court found that
16  email was a reliable means of service because the defendant had "previously used e-mail to
17  correspond with both Plaintiff and [the] Court regarding this litigation" and he had even "provided
18  one of his e-mail addresses to the Court, asking it to send him the order regarding the show cause
19  hearing via e-mail." No. 19-CV-3373 (RA), 2020 WL 13833331, at *2 (S.D.N.Y. July 31, 2020).

20          On the other hand, in *Juka Innovations Corp. v. Uxoz Direct*, the court denied the
21  plaintiff's request to serve the complaint by email where it was not evident that the defendant
22  monitored the email address where service was to be directed, recognizing that service by email
23  might not be reliable under those circumstances.  No. CV183511ADSAYS, 2020 WL 13680679,
24  at *1 (E.D.N.Y. Apr. 20, 2020) ("as to Plaintiff's proposed service via email, the motion does not
25  set forth sufficient facts to demonstrate that any of the Defendants monitor the proposed email
26  addresses, or that an email sent to those addresses would otherwise be brought to the Defendants'
27  attention.").  The court instructed the plaintiff that the motion could be renewed once the plaintiff
28  developed the factual record to show that service by email would meet the requirements of due

process, which would require the plaintiff "to show that it ha[d] recently attempted to correspond with Defendants via the email addresses set forth in the motion." *Id.*

Here, Plaintiff has demonstrated that alternative service is warranted, but the information in the record as to whether Ezeh uses or monitors the email address glee.fuller.og@gmail.com is insufficient to show that service to that email address is a reliable means of giving notice. That said, Plaintiff has uncovered additional identifying information that may allow for a more reliable means of giving notice to Ezeh of this action, namely, his address and mobile telephone number. Dkt. no. 87-2 at ECF p. 4. As noted on the Department of State website (cited above), other means of service in Nigeria may include service by mail, a local agent or letters rogatory. Further, court have sometimes approved service by international registered mail under Rule 4(f)(3). *See, e.g.*, *Williams-Sonoma Inc. v. Friendfinder Inc.*, No. C06-06572 JSW, 2007 WL 1140639, at *2 (N.D. Cal. Apr. 17, 2007). One of these methods may be possible using the additional information that Plaintiff has uncovered.

While Plaintiff has not provided sufficient information for the Court to determine whether service by some means other than email may offer a reliable means of alternative service, she may renew her motion if and when she is able to propose a means of alternative service, supported by evidence showing that the proposed means of service (which may be through an agent in Nigeria, through registered mail, or through use of letters rogatory) is reliable. Alternatively, if Plaintiff is able to present evidence showing that the glee.fuller.og@gmail.com address is in regular use and therefore likely to be a reliable means of service, she may renew the motion on that basis.[1]

### III. CONCLUSION

For the reasons stated above, the Motion is DENIED without prejudice to renewing the motion with additional information showing that the means of service satisfies the requirements of

---

[1] The Court appreciates Plaintiff's diligent efforts to uncover the identity of the Doe defendants in this case and the financial constraints that have prevented her from retaining counsel. Nonetheless, the Court strongly recommends that Plaintiff seek the advice of counsel to help her evaluate the available options regarding service, as well as the additional hurdles she may face at the next stage of the case, which may involve establishing that this Court has personal jurisdiction over Ezeh such that it is authorized to enter a default judgment against him should he fail to appear after valid service.

due process. Plaintiff's renewed motion for alternative service must be filed by **August 8, 2025** unless the Court grants an extension for good cause based on specific efforts by Plaintiff to obtain additional evidence as described herein.

**IT IS SO ORDERED.**

Dated:  May 8, 2025

_____
JOSEPH C. SPERO
United States Magistrate Judge

6