UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIN JI GOO DYER,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>CHIKE EZEH, et al.,<br><br>　　　　Defendants. | Case No. 23-cv-01226-JCS<br><br>**ORDER GRANTING MOTION FOR ALTERNATIVE SERVICE**<br><br>Re: Dkt. No. 109 |

## I.   INTRODUCTION

Plaintiff Min Ji Goo Dyer, after extensive efforts, has identified one of the Doe defendants initially named in this case, Chike Ezeh, who is linked to a bitcoin account into which Plaintiff was fraudulently induced to deposit funds. As the Court explained in its May 8, 2025 Order, the account information Plaintiff obtained from a third party included an email address and a physical address in Nigeria for Ezeh. See dkt. no. 91.  The Court initially rejected Plaintiff's request to serve Ezeh at the email address because Plaintiff was unable to supply evidence that Ezeh used or checked that email address. *Id.*  Therefore, Plaintiff engaged a process server in Nigeria who attempted to serve Ezeh at the physical address, which turned out to be a government building rather than a residence. *See* dkt. no. 97 (process server affidavit and exhibits). The process server conducted extensive research in an effort to locate and serve Ezeh but was unsuccessful. *Id.*  A logistics provider hired by the process server to investigate spoke to residents near the government building, though some were reluctant to talk to him due to Ezeh's "high social influence." *Id.*  He learned that Ezeh owned a house behind the government building but apparently no longer lives there. *Id.*

Presently before the Court is Plaintiff's renewed Motion for Alternative Service

("Motion") seeking leave to serve Ezeh by serving the summons to the email address discussed above and by publication in a Nigerian newspaper. The Court concludes that Ezeh cannot be served by traditional means as Plaintiff, despite diligent efforts, has been unable locate him except to establish generally that he resides in Nigeria. Therefore, the Court GRANTS the Motion, as set forth below.

## II. DISCUSSION

Federal Rule of Civil Procedure 4(f) authorizes three methods for serving an individual in a foreign country. First, an individual may be served at a place not within any judicial district of the United States "by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents." Fed. R. Civ. P. 4(f)(1). Second, "if there is no internationally agreed means, or if an international agreement allows but does not specify other means[,]" the individual may be served "by a method that is reasonably calculated to give notice," including "as prescribed by the foreign country's law for service in that country," "as the foreign authority directs in response to a letter rogatory or letter of request," or through personal delivery or mail sent by the Clerk. Fed. R. Civ. P. 4(f)(2). Finally, service may be effectuated "by other means not prohibited by international agreement, as the court orders." Fed. R. Civ. P. 4(f)(3).

There is no internationally agreed means of service available here because Nigeria is not a signatory to the Hague Convention. *See Meta Platforms, Inc. v. Arowokoko*, No. 22-CV-00803-DMR, 2022 WL 4099215, at *2 (N.D. Cal. Sept. 7, 2022) (Nigeria is not a party to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents or any other treaty on service of process to which the United States is party."). Therefore, the Court considers whether Ezeh may be served under Rule 4(f)(3).

"Service of process under Rule 4(f)(3) is neither a 'last resort' nor 'extraordinary relief.' . . . It is merely one means among several which enables service of process on an international defendant." *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1015 (9th Cir. 2002) (citation omitted). "Even if facially permitted by Rule 4(f)(3)," however, the proposed means of service "must also comport with constitutional notions of due process." *Id*. at 1016. As a general rule, to

satisfy the requirements of due process, "the method of service crafted by the district court must be 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.' " *Id*. at 1017 (quoting *Mullane v. Cent. Hanover Bank & Trust Co*., 339 U.S. 306, 314 (1950)).

But there is an exception to the requirement under *Mullane* that service must be reasonably calculated to appraise the party of the pendency of the action:

> This Court has not hesitated to approve of resort to publication as a customary substitute in another class of cases where it is not reasonably possible or practicable to give more adequate warning. **Thus it has been recognized that, in the case of persons missing or unknown, employment of an indirect and even a probably futile means of notification is all that the situation permits and creates no constitutional bar to a final decree foreclosing their rights. . . .**
>
> Those beneficiaries represented by appellant whose interests or whereabouts could not with due diligence be ascertained come clearly within this category. As to them the statutory notice is sufficient. However great the odds that publication will never reach the eyes of such unknown parties, it is not in the typical case much more likely to fail than any of the choices open to legislators endeavoring to prescribe the best notice practicable.

*Mullane*, 339 U.S. at 317 (citations omitted) (emphasis added).

The Court concludes that this exception applies and that service by publication is constitutionally permissible in this case because Ezeh is an "elusive" international defendant alleged to have been involved in a sophisticate scam in which the participants have gone to great effort to conceal their identities. *See Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d at 1016 ("when RIO presented the district court with its inability to serve an elusive international defendant, striving to evade service of process, the district court properly exercised its discretionary powers to craft alternate means of service.").

Further, the Court finds that the method of service by publication is consistent with the requirements of both California law and Nigerian law. In particular, Plaintiff has supplied a declaration from an attorney in Nigeria, Onyekachi W. Duru, who has "practiced as a litigator and legal consultant on procedural issues concerning Nigerian law for over fifteen . . . years" and who attests that "substituted service (including by advertisement in a national newspaper) is expressly

recognized [under Nigerian law] where personal service is impracticable." Dkt. no. 109-1 (Declaration of Onyekachi W. Duru, Esq.) ("Duru Decl.") ¶¶ 1, 6-9; *see also* Cal. Civ. Proc. Code § 415.50 (providing for service by publication where "it appears to the satisfaction of the court in which the action is pending that the party to be served cannot with reasonable diligence be served in another manner specified in this article and that" "[a] cause of action exists against the party upon whom service is to be made or he or she is a necessary or proper party to the action.").

Mr. Duru also attests that the newspaper in which Plaintiff proposes to publish the notice, Vanguard Newspaper, has "wide national circulation and prominence" in Nigeria and has a "section where legal notices/summonses are routinely published, making it a standard form of service-by- publication." Duru Decl. ¶¶ 9-10; *see also* Cal. Civ. Proc. Code § 415.50(b) (providing that summons is to published in a "named newspaper . . . that is most likely to give actual notice to the party to be served").

Accordingly, the Court GRANTS the motion to serve by alternative means. In particular, Plaintiff shall have the summons and notice served by email to glee.fuller.og@gmail.com and by publication in the Vanguard Newspaper.[1] The summons and notice shall be published once a week for four consecutive weeks in Vanguard Newspaper. *See* Cal. Civ. Proc. Code § 415.50 (b) (providing that service by publication shall be "made as provided by Section 6064 of the Government Code unless the court, in its discretion, orders publication for a longer period"); Cal. Gov. Code § 6064 (specifying that service by publication "shall be once a week for four successive weeks"). Service will be considered complete upon filing with this Court an affidavit of publication supplied by Plaintiff's attorney in Nigeria. *See* Duru Decl. ¶ 11(c). Service by publication in Nigeria shall commence within thirty (30) days of the date of this Order. The affidavit of publication shall be filed within (30) days of the last date on which the summons is published in Vanguard Newspaper.

---

[1] Plaintiff need not, however, obtain a court order from a Nigerian Court permitting service by publication. Rather, it is sufficient that the proposed service be carried out in a manner that is generally consistent with Nigerian law by a licensed Nigerian attorney (presumably Mr. Duru).

4

**III.    CONCLUSION**

The Motion is GRANTED. The Case Management Conference scheduled for December 17, 2025 is continued to **March 25, 2025 at 2:00 p.m**. to be conducted by Zoom webinar, id. 161 926 0804, password 050855.

**IT IS SO ORDERED.**

Dated:  November 11, 2025

_____
JOSEPH C. SPERO
United States Magistrate Judge