United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MIN JI GOO DYER,
Plaintiff,

v.

CHIKE EZEH, et al.,
Defendants.

Case No. 23-cv-01226-JCS

**ORDER CONTINUING MOTION HEARING AND CASE MANAGEMENT CONFERENCE AND REQUESTING SUPPLEMENTAL BRIEFING**

Plaintiff has filed a motion for default judgment, dkt. no. 129, which is presently set for hearing on July 29, 2026. The Court requires additional briefing addressing the following questions:

1. On what basis does Plaintiff claim that there is personal jurisdiction in this Court over Chike Ezeh, a resident of Nigeria? To the extent that Plaintiff relies on the doctrine of specific jurisdiction and asserts that Ezeh's "alleged conduct was purposefully directed at Plaintiff and caused foreseeable harm[,]" Motion at 11, explain how Ezeh's conduct was purposefully directed at *this* jurisdiction given that Plaintiff has been a resident of the United Kingdom at all relevant times, and cite supporting legal authority.
2. To the extent that Plaintiff seeks to establish personal jurisdiction over Ezeh based on allegations that another defendant, Mark Tayor, "communicated with Plaintiff using telephone number 510-689-1529, which has an Oakland, California area code[,]" FAC ¶ 7, address the case authority that holds that the acts of co-conspirators cannot be imputed to a third party to establish personal jurisdiction. *See, e.g., Wescott v. Reisner,* No. 17-CV-06271-EMC, 2018 WL 2463614, at *4 (N.D. Cal. June 1, 2018)

("California courts applying both California and federal due process have held that personal jurisdiction does not lie over an out-of-state defendant merely because of the residence or acts of a co-conspirator. Rather, where conspiracy is alleged, an exercise of personal jurisdiction must be based on forum-related acts that were *personally committed by each nonresident defendant*, and acts of an 'alleged co-conspirator—cannot be imputed to establish jurisdiction over the third party defendant. Thus, [j]urisdictional facts . . . must pertain to each nonresident defendant individually, even in an alleged conspiracy.") (internal quotations and citations omitted).

3. Identify the specific evidence in the record, including page number and exact line, where applicable, that supports the allegation in the Amended Complaint that "Subpoenaed records demonstrate that payment instructions for both the purported Joint Venture and TFXCMarkets.com were provided by Ezeh, establishing him as the primary architect of this fraudulent scheme." Dkt. no. 90, First Amended Complaint ("FAC") ¶ 3.

4. Plaintiff alleges in the FAC that "[t]he subpoena productions revealed that multiple email accounts used in the scheme were linked to Ezeh, and that all payment instructions for the purported Joint Venture and TFXCMarkets.com wallet accounts were provided by Ezeh while fraudulently impersonating Ben Barnes and other individuals." FAC ¶ 6. Please provide specific citations to evidence in the record that supports this allegation. Citations should include the exact page number and line, where applicable, of the evidence upon which Plaintiff relies. In addition, Plaintiff should explain what the evidence purports to be and why it supports her allegation (for example, by providing the portion of the document subpoena or other document that states exactly what information was requested and/or an affidavit from the third party that produced the document describing its contents; or by providing the testimony of a forensic expert explaining why the evidence shows what Plaintiff claims it does).

5. Does Plaintiff claim that there is personal jurisdiction under RICO's personal jurisdiction provision, 18 U.S.C. § 1965(b), based on Mark Tayor's use of an Oakland

United States District Court
Northern District of California

telephone number? If so, address why the requirements of section 1965(b) -- that "the court must have personal jurisdiction over at least one of the participants in the alleged multidistrict conspiracy and the plaintiff must show that there is no other district in which a court will have personal jurisdiction over all of the alleged co-conspirators" – are satisfied under the facts of this case. *See Butcher's Union Loc. No. 498, United Food & Com. Workers v. SDC Inv., Inc.*, 788 F.2d 535, 539 (9th Cir. 1986). In particular, is Mark Tayor's use of an Oakland telephone number sufficient to establish personal jurisdiction over him consistent with the requirements of due process? And why is there no other district in which this case can be brought?

The Court has serious concerns relating to the exercise of personal jurisdiction over Defendant Ezeh and is tentatively inclined to recommend to the district judge to whom this case is ultimately reassigned that the case should be dismissed for lack of personal jurisdiction. Because of the serious nature of Defendants' alleged conduct, the Court gives Plaintiff the opportunity to supplement the record to establish, if she can, that the evidence and relevant legal authority allows this Court to exercise personal jurisdiction over Ezeh. As it has before, the Court *strongly* encourages Plaintiff to seek the assistance of counsel.

Plaintiff's supplemental materials shall be filed by **August 19, 2026**.[1] The hearing and case management conference set for **July 29, 2026** are continued to **September 16, 2026 at 9:30 a.m**. by Zoom videoconference.

**IT IS SO ORDERED.**

Dated: July 17, 2026

JOSEPH C. SPERO
United States Magistrate Judge

[1] Upon a showing that Plaintiff has retained counsel or is in the process of doing so, the Court will grant a reasonable extension of that deadline.